# Cameron v. Cameron.

*Bill in Equity to enforce Note as charge against Estate of Deceased Debtor as Trustee.*

1. *Partial payments avoiding bar of statute of limitations.*—A partial payment on a debt, made before the statutory bar is complete, prevents the statute from running (Code, § 2628), without regard to the amount paid; but the trifling sums of 25 cents, 50 cents, &c., advanced by a brother to his imbecile sister at intervals of several months, will not be regarded as partial payments on his note for $600, unless proved to have been made and received as partial payments.

2. *Trust for person of weak mind, voluntarily assumed.*—The relation of voluntary trustee and *cestui que trust*, as between the maker of a note under seal and his sister, a woman of weak understanding, is not established by proof of the facts, that on the sale and distribution of their father's estate, many years before, one of the executors, another brother, retained his sister's share of the proceeds in his own hands for her, she being then a minor and having no legal guardian, and, on a subsequent sale of his property to the maker of the note, preparatory to his removal from the State, the latter assumed the debt as part of the price to be paid, and executed the note payable to the sister for it.

3. *Estoppel against pleading statute of limitations.*—A brother being indebted to his imbecile sister by promissory note under seal, and, on her request to renew the contract before it was barred, replying that "it would never run out of date;" *held*, that this would not estop his widow and children from pleading the statute of limitations in defense of a suit to enforce payment of the debt, although the sister forbore to sue in reliance on it; because, as a promise not to plead the statute, it is itself barred by the statute, and, as an assertion, it is a mistake of law.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 12th September, 1886, by Martha Cameron, against the widow and children of her deceased brother, Daniel Cameron; and sought to enforce payment of a promissory note under seal, which said Daniel Cameron had executed, payable to the complainant, out of property belonging to his estate, in the possession of the defendants. The note was for $600, was dated September 23d, 1861, and payable one day after date. The note was given under these circumstances: Daniel Cameron, senior, the father of said Martha and Daniel Cameron, died in 1848,

[Cameron v. Cameron.]

leaving eight children, and an estate worth about $5,000. Two of his sons administered on the estate, and sold the property under an order of court, the proceeds of sale amounting to $4,800. Martha Cameron was then about sixteen years of age, and had no legal guardian; and Hugh Cameron, one of the administrators, assuming to act as her guardian, or trustee, retained her share of the proceeds of sale, $600. In 1861, Hugh Cameron, being about to remove to Texas, sold his property to said Daniel Cameron, who, in part payment of the agreed price, assumed the debt to Martha Cameron, and thereupon executed said note for $600.

On a former appeal in the case (82 Ala. 392,) this court held that the averments of the bill, which are set out in the former report, were not sufficient to show that the note evidenced a fiduciary debt. The bill was afterwards amended, by adding these allegations: "Complainant further avers, that said Daniel Cameron received said sum of $600 from said Hugh Cameron, for the use and benefit of the said Martha Cameron, under an agreement and understanding, then had and made between him and the said Hugh, whereby the said Daniel agreed to receive and hold said sum, and did receive and hold the same, in trust for the said Martha, and to defray out of the said sum and the income thereof the necessary expenses of the said Martha while he continued in said fiduciary relation, and at the expiration thereof to pay her the residue of said sum; and complainant avers that said trust, created as aforesaid, continued from the date of said note until the death of said Daniel Cameron in 1884."

The facts of the case relating to the statute of limitations, which was pleaded, appear in the opinion of the court and the former report. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

WM. L. MARTIN, for appellants.—(1.) The debt was one of trust, and not within the statute of limitations.—*Whetstone v. Whetstone*, 75 Ala. 495; *Vincent v. Rogers*, 30 Ala. 471; *Bonner v. Young*, 68 Ala. 35; 2 Perry on Trusts, §§ 863-4. (2.) The several partial payments preserve the debt from the bar of the statute of limitations.—Code, §§ 2614, 2628; *Minniece v. Jeter*, 65 Ala. 222; *Cameron v. Cameron*, 82 Ala. 392; 3 Brick. Digest, 623, § 94. (3.) Daniel Cameron having, in the year 1867 or 1868, assured Martha Cameron, in response to her request for a new note, that the note she then held was a good note, and that it would never run out of

date, and Martha Cameron having the right to rely on such assurance, and in fact relying on it to the extent of altering her position, Daniel Cameron and those claiming under him are estopped from now gainsaying the truth of his said declarations.—*Jones v. McPhillips*, 82 Ala. 115; *Adler v. Pin*, 80 Ala. 351; *Lewis v. Ford*, 67 Ala. 147; *Warren v. Hearne*, 82 Ala. 554; *Gillett v. Wiley*, 126 Ill. 310, or 9 Amer. St. Rep. 587; Bigelow on Estoppel, 5th ed., 572–75; 1 Herm. Estop. §§ 5–8; 2 *Ib.* §§ 778–9, 953.

J. E. BROWN, *contra.*

STONE, C. J.—The object of this suit is to collect a bill-single, or note under seal, executed September 23, 1861, by Daniel Cameron, by which he promised to pay Martha Cameron six hundred dollars one day after date. In November, 1862, there was a payment made on the note of one hundred and forty-eight dollars, which is not denied by either party. In 1884, Daniel Cameron died, leaving property, real and personal, the real estate being in excess of 160 acres, worth, probably, more than two thousand dollars. Personal estate worth some three hundred dollars. He died intestate, leaving a widow and several children. No administration was had on the estate, but the widow and children continued to use and occupy the homestead and effects. Daniel and Martha Cameron were brother and sister, and lived very near each other.

The bill in the present case was filed September 15, 1886, by Martha Cameron. She has since died, and the suit is now in the name of her administrator. The widow and heirs-at-law, children of Daniel Cameron, are made defendants. The object of the bill is to enforce payment of the bill-single out of the estate left by Daniel Cameron. Among other defenses the statute of limitations of ten years is pleaded, that being our statutory limitation on such cause of action.—Code, 1886, § 2614.

To forestall the defense of ten years limitation, the bill charges that Daniel Cameron made payments on said sealed note during each of the years 1869 or '70, 1875, 1876, 1877, 1878, 1879, and 1883. These alleged payments were very small, never in excess of two dollars in any one year, and sometimes as low as twenty-five cents. If, however, they were made *as payments on the note*, and, in each case, before the bar was complete, the statute is no bar to recovery. Code, § 2628. The answers deny that any of these alleged payments were made, except the one in 1862, twenty-four

years before this suit was commenced. The note is made an exhibit to the bill, and purports to have two credits upon it; one of $148, dated November, 1862, and the other of 25 cents, dated in March, 1883.

A great deal of oral testimony was taken on each side. Some of it was illegal, and properly objected to on that account. In forming our conclusions we have disregarded all such testimony, but consider it unnecessary to specify it. We think the testimony fails to show that any of the small sums of money which Daniel Cameron let his sister have after 1862 were intended, or *in fact* were, payments on the bill-single. We therefore hold that the *prima facie* bar is not obviated by that line of proof.

It is contended, in the second place, that the real relation between Daniel Cameron and his sister was not that of debtor and creditor, but of voluntary trustee and *cestui que trust*. *Vincent v. Rogers*, 30 Ala. 471, and *Whetstone v. Whetstone*, 75 Ala. 495, are relied on in support of this contention. We find nothing in the record to sustain this view. The facts show only a plain case of debtor and creditor.

There is some testimony tending to show that, before the ten years expired after the execution of the bill-single, Martha Cameron asked her brother to renew the contract, and that he replied "it would never run out of date." It is contended for appellant that this estops appellees from interposing the defense of the statute of limitations. There are several answers to this. It was only a promise not to plead the statute of limitations, and the statute runs against that promise as well as against the bill-single itself. We think it would inaugurate a very hazardous, if not injurious practice, if we were to sanction this new and wide departure from the policy which dictated the statute of limitations. A second reason : Whether or not the statute of limitations would run, was a question of law. Against such mistakes, as a rule, there is no redress in any court.—*Clark v. Hart*, 57 Ala. 390; 15 Amer. & Eng. Encyc. of Law, 334; 2 Pom. Eq. § 842. So, on this aspect of the case, appellant is in this dilemma : If we treat the statement as a promise, it is barred by the statute of limitations; if we regard it as an assertion, it was a mistake in law, and not a ground of recovery.

Affirmed.