EMBRY, Justice.
This appeal by Cliff and Mary Leach, defendants below, is from an order denying their motion for new trial in a statutory ejectment action that resulted in the judgment ordering them to peaceably surrender possession of the real property, the title to which was determined by the trial court to be in Crestwood Memorial Cemetery, plaintiff below.
The issues for review as stated by the Leaches are:
“A. Are defendants entitled to a jury trial where plaintiff’s complaint alleges ownership by a deed which defendants’ counterclaim alleges was obtained by misrepresentation and fraud?
“B. The trial court erred in failing to allow a trial by jury of the issues of fraud and misrepresentation in the procuring of the deed made the basis of the plaintiff’s complaint.
“C. That plaintiff’s facts in the complaint fail to state a basis for relief sought.
“D. Did the trial court err in overruling motion for new trial as amended?”
The record affirmatively shows there is no merit in the Leaches’ contentions that they were improperly denied a trial by jury. The order of the trial court entered 30 January 1981 demonstrates that fact. It reads:
“This cause being called for trial on the 28th day of January, 1981, and the Court having reviewed the pleadings in the file and determined that the questions involved in the Complaint and the defenses and the Counterclaims were questions of law and not questions which would be submitted to a jury, and the Plaintiff having moved to strike the jury demand, and Defendants not opposing the motion, *272 and the Court having considered the premises, it is, therefore,
“ORDERED that the demand for the trial by jury is stri[c]ken, and the issues presented in this case are to be tried non-jury to determine the right, title and interest of the parties to the real estate in question. The Court specifically withholds making a finding as to whether the Counterclaim of Defendant for fraud and misrepresentation would be a jury question, assuming the Defendants prevail in establishing any right, title and interest to the real estate in question, and that issue will be determined by the Court after a non-jury trial.
There was no timely objection made or exception taken to this order.
We turn now to whether the allegations of the complaint state a basis for the relief sought. The complaint states:
“1. That by to-wit: April 6, 1972, plaintiff purchased the interest of all the heirs of Luther Taylor, who died intestate on to-wit: January 5, 1968, and Sudie Mae Taylor, who died intestate on to-wit: August 6,1968, in the following described real estate, to-wit:
“All of Lot No. 6 in Block No. 2 of the Hadley Farms Addition as recorded in Plat Book ‘B’ at page 236 in the Office of the Judge of Probate, Etowah County, Alabama, and being in Etowah County, Alabama, except that portion of said lot deeded by Mary Nell Thornton, Register to Crestwood Memorial Cemetery, Inc., by deed recorded in Deed Book ‘1078’, page 191, Office of Judge of Probate, Etowah County, Alabama, which portion of said lot is described in said deed as follows:
“A parcel or lot or land described as beginning at a point in the West line of Pennsylvania Avenue which is 50 feet North of the SE corner of Lot No. 6 in Block No. 2 of the Hadley Farms Addition as recorded in Plat Book ‘B’ at page 236 in the Office of the Judge of Probate, Etowah County, Alabama; thence running in a Westerly direction a distance of 210 feet to a point; thence running in a Northerly direction a distance of 250 feet to a point in the North line of said Lot No. 6, which said point is 210 feet West of the NE corner of said Lot No. 6; thence running West a distance of 347.8 feet, more or less, to the NW corner of said Lot No. 6; thence running South a distance of 300 feet to the SW corner of said Lot No. 6; thence running East a distance of 557.8 feet to the SE corner of said Lot No. 6; thence running North a distance of 50 feet to the point of beginning, said description embracing a portion of Lot No. 6 in Block No. 2 of the Hadley Farms Addition as shown in Plat Book ‘B’, Page 236 in the Office of the Judge of Probate, Etowah County, Alabama, said property lying and being in Eto-wah County, Alabama
and became the owner of the legal title to the above described real estate.
“2. That on to-wit: May 23, 1972, the Tax Collector of Etowah County, Alabama, at a tax sale, sold the above described real estate to C. W. Talbert and wife, Kathleen Talbert, which said tax sale was void as to the above described real estate because the above described real estate was not assessed to the rightful owners of said real estate at the time the lien for ad valorem taxes attached to said above described real estate for the payment of which taxes said sale was held, but said real estate was assessed to Luther Taylor, who had been deceased since to-wit: January 5, 1968 and who was not the right owner of said real estate at the time the lien for ad valorem taxes attached to said above described real estate for the payment of which taxes said sale was held.
“3. On to-wit: July 24, 1975, C. W. Talbert and wife, Kathleen Talbert conveyed their interest in the above described real estate to the defendants, Cliff Leach and Mary Leach.
“4. That the defendants have now moved a building upon the above described real estate.
*273 “5. Plaintiff now brings this suit to recover possession of the above described real estate of which plaintiff was in possession and upon which pending such possession and before the commencement of this suit, the defendants entered and unlawfully withhold together with FIFTY-ONE HUNDRED AND NO/lOO DOLLARS for detention thereof.
“WHEREFORE, plaintiff demands judgment against defendants in the sum of $5100.00, interest and cost and that this Honorable Court eject the defendants from the above described property and return same to plaintiff.”
It is evident the complaint is sufficient. Rule 8, ARCP.
The final judgment in this ease is a clear and precise recitation of the bases in the evidence, and law, upon which relief was granted. That judgment is:
“This cause coming on to be heard in open trial, and all parties being present and represented by their attorneys of record, and the Court having heard all of the evidence, ore tenus, and received and reviewed all of the exhibits and documents introduced into evidence, and following the trial and after receiving all of the evidence from both parties, the Court having requested the attorneys for the parties to submit briefs on their positions by March 25, 1981, and the Court having received a brief from Plaintiff, and having received a brief from Defendants, and being fully advised in the premises, the Court finds that Plaintiff owns all right, title and interest to the following described real property, having purchased a major part of the property in question from a register’s deed recorded in Book ‘1078’, Page 191, and thereafter purchasing Vsths interest of the remaining portion of the real property by the deed recorded in Book ‘1137’, Page 755, dated January 27, 1972; and thereafter having purchased the remaining Vs interest from Defendants by a warranty deed dated April 6, 1972 and recorded in Book ‘1140’, Page 881, all in the Probate Office, Etowah County, Alabama; and the Court further finding that Plaintiff has paid adequate consideration to Defendants for the property and that Plaintiff owns the legal right, title and interest to the following described property and that Defendants have refused to vacate the property after Plaintiff has made demand upon them to do so; and the Court finding that Defendants have no right, title or interest in the following described property, and that the tax deed through which Defendants claim an interest is void. The real property involved in this action, which is described in the Complaint is as follows, to-wit:
“All of Lot Number Six (6) in Block Number Two (2) in the Hadley Farms Addition, as recorded in Plat Book ‘B’, at Page 236 in the Office of the Judge of Probate, Etowah County, Alabama, and being in Etowah County, Alabama, except that portion of said Lot deeded by Mary Nell Thornton, Register, to Crestwood Memorial Cemetery, Inc., by deed recorded in Deed Book ‘1078’, Page 191, Office of Judge of Probate, Etowah County, Alabama.
“IT IS, THEREFORE, ORDERED AND DECREED, that Plaintiff is the legal owner of the right, title and interest to the above described real estate, and has been entitled to possession of which since it received the deeds described above, the last of which was April 6,1972, it is further ordered that Defendants vacate the premises immediately and in vacating the premises they are ordered not to damage or impair the value of any improvements located on the premises, or to depreciate the value of the real estate in any manner from the condition as it existed at the time of trial and Defendants are further ordered to peaceably surrender possession of the real estate to Plaintiffs within thirty (30) days from the date of this Order, it is further ordered that the costs of these proceedings are taxed against Defendants, for all of which let execution issue.”
The judgment applied correct principles of law to the facts supported by an abundance of credible evidence, and appel *274 lants having waived a trial by jury, the motion for new trial was properly denied. Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981); Ingrain v. Omelet Shoppe, Inc., 388 So.2d 190 (Ala.1980).
There is no error in the record and the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.