ALMON, Justice.
This is an action for rescission of a deed, an accounting as to a partnership, and damages. Plaintiff, Annie Laurie Haaker, is the sister of defendant, Grover C. Lawson, Jr. The action arises out of a family partnership formed to run the family farm after the parties’ father died in 1953. Plaintiff contends that defendant purchased real property in his own name with partnership assets. The trial court entered judgment for defendant.
The trial court’s opinion succintly sets forth the pertinent facts, the issues, and the basis for its holding:
“This cause coming on to be heard was tried in open Court, testimony being [presented] ore tenus and [the case] being submitted upon the testimony and briefs filed by each party.
“The Plaintiff and the Defendant are [sister and brother]. The Complaint was filed on June 23, 1981. The Plaintiff, by her Complaint, seeks to set aside a quitclaim deed dated May 16, 1974, recorded in the Probate Office of Limestone County, Alabama, in Volume 722, Page 869, which conveyed all of Plaintiff’s interest to the Defendant in a three hundred and three acre farm known as the W.T. Murphy place; further, Plaintiff seeks that Defendant be ordered to account for the undistributed assets of Lawson Farms, a partnership originally composed of the Plaintiff, the Defendant, and the sister and mother of the parties, both of whom are now deceased; further, that the Court determine Plaintiff’s interest in any asset of [sic] property presently owned by the Defendant, the source of which is traceable to Lawson Farms; further, compensatory and punitive damages and any such other general relief to which the Plaintiff may be entitled.
“The Defendant in answer to these claims, filed a general denial, and specially pleaded that there were no grounds to set aside the quitclaim deed, and as to the distribution of assets for the partnership and the claim to assets of property owned by the Defendant, the statute of limitations, and a release signed by the Plaintiff on the 29th day of February, 1972.
“As to the quitclaim deed dated May 16, 1974, which conveyed three hundred and three acres of land known as the *101 W.T. Murphy place, [sic] The facts show that the farm was purchased by the Defendant in his name on February 23, 1962. The Defendant’s name and his name alone appeared on the deed, and the mortgage given to the grantor, W.T. Murphy, of even day, likewise, was given in the sole name of the Defendant. At the time of the farm’s purchase, the family farm was being operated as a partnership, with the Defendant as the managing partner. Plaintiff alleges that Defendant used partnership funds over a period of years to retire the indebtedness on the farm. However, as noted[,] the quitclaim deed was given by Plaintiff to Defendant in 1974. The deed recites ten dollars and other good and valuable consideration the receipt of which is acknowledged. The evidence indicates that at the time Plaintiff executed the quitclaim deed, the Plaintiff suffered from a drinking problem. There is no evidence, however, that the Plaintiff lacked the capacity to understand the nature of the transaction. Plaintiff testified that she did not know the contents of the quitclaim deed[;] however, the evidence showed that she had refused to sign a warranty deed. The Court finds from the evidence that the Plaintiff possessed the mental capacity to enter into the transaction [and] to understand the nature of the transaction and that the conveyance was executed voluntarily without coercion, mistake or fraud. The deed was acknowledged and the suggestion that the Plaintiff did not read the deed and was not fully informed of the nature of the transaction, is not sufficient grounds to set the deed aside. Further, the Court finds that the transaction was not the product of a fraud. There is no evidence that there was a misrepresentation of any material fact, that any reckless misrepresentations were made[,] or that there was a suppression of any material fact. Therefore, the Court finds that the deed from the Plaintiff to the Defendant dated May 16, 1974[,] is legally valid and not due to be set aside.
“As to the Plaintiff’s claim for an accounting of undistributed assets of Lawson Farms and for a determination of the Plaintiff’s interest in any assets or property owned by the Defendant which were acquired by Defendant with partnership funds[,] the statute of limitations is six years from the date of the last partnership transaction. The Court finds from the evidence that the partnership terminated in 1973. This suit was filed in 1981. Therefore, the statute of limitations became a bar to action in 1979 and any recovery for partnership assets or for an accounting is now barred by the statute of limitations.
“Further, the facts show that the Defendant included in partnership tax returns certain profits which were not part of the partnership assets and as a result thereof the Plaintiff incurred certain personal income tax liabilities that she would not have incurred had the partnership returns been correctly prepared. These income tax returns covered each year from 1969 through 1973. Any negligence or fraud attributable to the Defendant in connection with these returns, likewise is barred by the statute of limitations.
“It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff’s claims be and the same are hereby denied and that judgment is entered in favor of the Defendant and against the Plaintiff.”
The first issue plaintiff raises is that the trial court erred in denying her request for a jury trial. Plaintiff’s complaint requested a jury trial. Defendant filed a motion requesting the court to transfer the case to the non-jury docket. The trial court granted the motion. Plaintiff made no objection to either the motion or the order granting it, but first raised the denial of her right to trial by jury in her motion for new trial. Plaintiff’s objection to the order setting the case on the non-jury docket was untimely and cannot serve as grounds for reversal. Leach v. Crestwood Memorial Cemetery, Inc., 412 So.2d 271 (Ala.1982).
*102 Plaintiff next argues that the court erred in finding that the statute of limitations had run on her claims for an accounting, for recovery of partnership assets, and for fraud. Without deciding whether the complaint actually stated a cause of action in fraud or merely alleged fraud as a ground for relief in the rescission and accounting claims and sought monetary damages incidental thereto, we note that the trial court did not hold that the statute of limitations for fraud (see Code 1975, §§ 6-2-3, -39; 6-5-101, -102) had run. Rather, the court held that there was no evidence of any misrepresentation or suppression of a'material fact.
The argument that the statute of limitations had not run on the claims for an accounting and for recovery of partnership assets rests on the principle that the six-year statute of limitations does not begin to run on an action for an accounting as to a partnership until the partnership is dissolved. Waters v. Cochran, 291 Ala. 610, 285 So.2d 474 (1973); Code 1975, §§ 6-2-34 and 10-8-98; Jebeles v. Costellos, 391 So.2d 1024 (Ala.1980). This argument is answered by the trial court’s finding that the last partnership business took place in 1973. Plaintiff argues that there is at least one asset, a laundromat, still owned and operated in the partnership name. The evidence was that this asset was owned jointly in plaintiffs and defendant’s names, not in the name of the partnership (in fact, their mother was still a partner at the time it was purchased), and there was no evidence that it was ever operated as part of the partnership business.
There was substantial evidence that the partnership was terminated in 1973, even though there was no formal accounting or termination agreement (neither was there any written partnership agreement). The parties filed tax returns for the partnership for the years 1954 through 1973. In addition to the quitclaim deed which plaintiff seeks to have set aside, the parties executed in 1974 several other documents consistent with the conclusion that the partnership was being terminated. Most significantly, defendant leased plaintiff's land, her only contribution to the partnership, for a rental of $7,500.00 per year. Defendant transferred a 1¾6 acre parcel of land and a 20-acre parcel of land to plaintiff. Plaintiff herself testified that the farm was last operated as a partnership in 1973. A final blow to plaintiff’s attempt to have the income and assets of the partnership traced from 1954 forward is the fact that she signed a release on February 29,1972, stating that she had “been paid in full through December 31, 1971, my full share of all income from the family partnership known as Lawson Farms.”
The following language appropriately resolves this issue:
“After a co-partnership has been dissolved for such a length of time, and neither partner has taken any steps to bring about a settlement, for more than six years after the last known co-partnership transaction, it has been long and well settled, that the right to have an account and settlement of the co-partnership dealings is barred.”
Stovall v. Clay, 108 Ala. 105, 108-09, 20 So. 387, 390 (1895), quoted in Waters v. Cochran, supra, 291 Ala. at 616, 285 So.2d at 480. The trial court did not err in holding that the statute of limitations had run on these claims.
Plaintiff attempts to come under the provision of Code 1975, § 6-2-3, that a cause of action for fraud is deemed to accrue when the fraud is discovered or when, through the exercise of reasonable diligence, it ought to be discovered. She says that she discovered the alleged fraud in 1980 when she filed a suit against her brother for the rents due under the 1974 lease. The fraud argument essentially is that defendant had a duty to disclose the facts of the partnership and suppressed the fact that he used partnership assets, for example, to buy the 303-acre farm in 1962. Defendant testified that he had sources of income other than the partnership operations, but the tax returns introduced into *103 evidence would tend to support plaintiff’s claim that he would not have had enough money to make the mortgage payments on the 303-acre farm without using partnership income. The evidence indicated that income from this farm was included in the partnership tax returns, but that the parties treated this as a mistake in 1974, when plaintiff signed a quitclaim deed to the property and her mother signed a warranty deed. Defendant testified that the partnership returns after 1962 included income from the 303-acre farm as partnership income when in fact the income should have been included on his individual return, and that he discovered this mistake after his other sister died in 1969.
We have carefully reviewed the record, and we conclude that it supports the trial court’s holding that there was no misrepresentation or suppression of material facts.
The evidence showed that defendant was the sole active partner, doing all of the farm work and sharing the income with his mother and sisters or investing in equipment or property as he saw fit. With this arrangement not being questioned over the 20-year duration of the partnership, it appears that the family acquiesced in his management, and there is no ground for holding at this late date that he had a duty to give a detailed accounting of the farm’s profits and losses. The partnership arrangement was that defendant was paid a salary of $3600, and later $4800, per year and that the profits were to be distributed 25% to each partner. Plaintiff testified, however, that she only received payments of $1500 in 1955 and $2500 in 1969 and a deed to two rental houses (it is not clear if this was part of the 1974 transaction), and yet she signed the release in 1972 stating that she had been paid her share of all partnership profits. Under these and other facts in the record, we cannot say that the trial court erred in finding that plaintiff had not proved any misrepresentation or suppression of material fact.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.