STEAGALL, Justice.
Vernon 0. Slayton appeals the judgment of the Clarke County Circuit Court holding that his claim against the estate of J.R. Slayton is barred by the statute of limitations. We reverse.
Vernon and J.R., brothers, were partners in a business known as Slayton Oil and Recapping Company. On October 3, 1973, Vernon filed a complaint in circuit court seeking dissolution of the partnership with J.R. and requesting the appointment of a receiver to wind up the affairs of the partnership. The complaint alleged, among other things, that J.R. Slayton’s “current overdraft substantially exceeds $100,000.” By stipulation dated October 12, 1973, the parties agreed that the “partnership known as Slayton Oil & Recapping Company [shall] be deemed to have been terminated and dissolved as of October 12,1973.” The stipulation requested the circuit court to enter a judgment declaring the partnership dissolved and terminated and to retain “jurisdiction of the pending suit for the purpose of making such further orders or decrees as may become necessary in connection with the liquidation of the partnership assets, the possible appointment of a receiver, and the accounting between the parties.” On October 3,1977, the circuit court declared the partnership “terminated and dissolved as of October 12, 1973,” and retained jurisdiction as requested by the parties.
On October 23, 1978, the parties jointly filed the following motion to dismiss:
“WHEREAS, the parties hereto are hopeful that they can adjust their differences without Court intervention and are desirous of avoiding the unpleasantness which so often results from family litigation; and
“WHEREAS, the parties hereto have agreed with each other through their respective attorneys of record, that their respective contentions in connection with the final accounting upon liquidation of the partnership assets will not be affected by a dismissal of this pending action, without prejudice, and do hereby agree with each other that if such dismissal of this action be entered, neither party will contend that the claims of the other shall be deemed barred by the statute of limitations when the partnership assets have been ultimately liquidated and the proper distribution thereof is being negotiated;
“NOW, THEREFORE, the parties to this litigation, through their respective attorneys, do hereby jointly move the Court to enter a final decree or judgment, dismissing this action without prejudice. ...”
The circuit court dismissed the action, without prejudice, on October 26, 1978.
J.R. Slayton died on September 3, 1984. On September 14, 1984, letters testamentary were issued by the Clarke County Probate Court to Geraldine P. Slayton, as executrix of the estate of J.R. Slayton. Vernon filed a verified claim against the estate on February 28, 1985, alleging an indebtedness by J.R. to the partnership in the sum of $122,836 for the overdraft in J.R.’s partnership capital account, and also alleging that J.R. was indebted to Vernon for one-third of the insurance premiums and taxes that Vernon had paid on jointly-held real estate. The executrix filed an objection to Vernon’s claim, asserting that no indebtedness was owed to Vernon by J.R. at the time of his death and that the claim was barred by Ala.Code 1975, § 43-2-373. By agreement, the parties asked the probate court to decide whether the claim filed by Vernon was barred by § 43-2-373. On August 21, 1985, the probate court denied the claim for $122,836, determining that it was barred by § 43-2-373.
Vernon appealed the denial of the claim to the circuit court for “trial of the validity of [the] claim,” pursuant to § 43-2-354. *930 By agreement of the parties, the matter was submitted to the circuit court for a decision based on the briefs furnished by each party and on the admission into evidence of the entire court file in the action commenced by Vernon in 1973 that was ultimately dismissed without prejudice in 1978. In its judgment, rendered December 31, 1986, the circuit court held that Vernon’s claim against the estate of J.R. Slay-ton is barred by the statute of limitations.
On appeal, Vernon contends that the bar of the statute of limitations was not available to J.R. at the time of his death as a defense to Vernon’s partnership accounting claim, and thus that § 43-2-373 is inapplicable.[1] Vernon bases this contention on the agreement of Vernon and J.R. in the previous action brought by Vernon that if that action was dismissed, without prejudice, “neither party will contend that the claims of the other shall be deemed barred by the statute of limitations when the partnership assets have been ultimately liquidated and the proper distribution thereof is being negotiated.” Regarding this agreement, the circuit court stated in its order that “the parties contemplated an accounting of the partnership during their lifetimes, and that the indefinite waiver was personal to each of them, and not binding on their respective estates.” Vernon cites Cameron v. Cameron, 95 Ala. 344, 10 So. 506 (1891), in support of his contention that the circuit court erred in holding that the “waiver” was binding only during the lifetime of J.R.
In Cameron, the Court denied recovery on a note after the ten-year statute of limitations had run. Before the note was barred, however, the payee had requested that the maker, her brother, renew the note; the brother replied that “it would never run out of date.” 95 Ala. at 347, 10 So. at 507. The Court, holding that the statement by the brother would not estop his widow and children from asserting the statute of limitations in defense of a suit to enforce payment of the debt, gave the following explanation regarding the brother’s statement:
“It was only a promise not to plead the statute of limitations, and the statute runs against that promise as well as against the [note] itself.... A second reason: Whether or not the statute of limitations would run, was a question of law. Against such mistakes, as a rule, there is no redress in any court.... So, on this aspect of the case, appellant is in this dilemma: If we treat the statement as a promise, it is barred by the statute of limitations; if we regard it as an assertion, it was a mistake in law, and not a ground of recovery.”
95 Ala. at 347, 10 So. at 507.
We consider the agreement between Vernon and J.R., that neither of them would contend that the claims of the other regarding the partnership accounting would be barred by the statute of limitations, to be a promise not to plead the statute of limitations. That promise was made on October 23, 1978, at which time the statute of limitations began to run against the promise. The statute of limitations applicable to an action for the settlement of a partnership is six years. Ala. Code 1975, § 6-2-34; Haaker v. Lawson, 497 So.2d 99 (Ala.1986). Thus, based on Cameron, supra, the promise not to plead the statute of limitations would have precluded J.R. from pleading the statute of limitations at least through October 23, 1984. At the time of his death on September 3,1984, J.R. could not have pleaded the bar of the statute of limitations in defense of an action by Vernon for a partnership settlement. We hold, therefore, that the otherwise timely filed claim by Vernon against the estate of J.R. Slayton is not barred by the statute of limitations.
The judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
*931 JONES, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.

. Ala.Code 1975, § 43-2-373, provides:
"No claim against the estate of a decedent whether in favor of the personal representative or any other person, which was barred by the statute of limitations at the time of the death of such decedent, shall be paid by or allowed to the personal representative, unless the payment of such claim be expressly directed by a testator in his will."