255 So.2d 894

Harold·MOORE and Betty Moore

v.

Irene DOWNS.

6 Div. 826, 6 Div. 826–A.

Supreme Court of Alabama.

Dec. 16, 1971.

S. P. Keith, Jr., Birmingham, for appellants.

Robert G. Tate, William C. Knight, Jr., Birmingham, for appellee.

· COLEMAN, Justice.

The plaintiffs appeal from judgments for defendant in actions for personal injury and property damage resulting from a collision between an automobile which one of the plaintiffs was driving and an automobile defendant was driving.

There are two actions. One action was brought by the wife who was driving her automobile at the time of the collision. The other action is derivative and was brought by the husband who was not present at the collision. The second action is for expense and loss of consortium resulting from injury to the wife.

The two cases were tried together. The contentions of appellants and the results are the same in both appeals. For convenience we write with respect to the wife's case and refer to her as plaintiff in the singular.

The case was submitted to the jury on a count charging that defendant negligently drove an automobile into and against the rear end of an automobile in which plaintiff was riding on 21st Street in Birmingham. Defendant pleaded in short by consent, with leave, etc., and the case was submitted to the jury on the general issue and contributory negligence. The jury found for defendant. The trial court overruled plaintiff's motion for new trial, and plaintiff assigns this ruling as error. Plaintiff contends that the court erred in overruling the motion for new trial on the ground that the verdict is contrary to the great weight of the evidence.

This court has said:

". . . . But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. . . . ." Cobb v.

Malone & Collins, 92 Ala. 630, 635, 9 So. 738, 740;

and:

"Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. . . . ." Taylor v. Thompson, 271 Ala. 18, 21, 122 So.2d 277, 279.

Plaintiff was driving her car and defendant was driving her car. Plaintiff's car was in front. Both cars were moving north on 21st Street. They stopped for a traffic light at the intersection of 21st Street and 3rd Avenue North. The cars then proceeded towards 4th Avenue North. About half way between 3rd and 4th Avenues the front part of defendant's car collided with the rear end of plaintiff's car. Plaintiff suffered a whiplash injury or an injury similar thereto.

Plaintiff contends that defendant "slammed into the rear of" plaintiff's car, that the braking lights on plaintiff's car were working properly at the time of the accident, that the weather was clear, that defendant's view was unobstructed, that defendant was following too closely within ten feet of plaintiff's car, that defendant looked in her rearview mirror and turned to look directly at a car behind defendant, and found herself too close to avoid striking plaintiff's car.

Defendant contends that plaintiff stopped suddenly, that plaintiff gave no signal or warning that plaintiff was going to stop, and that defendant was unable to avoid the collision.

We do not undertake to set out all the evidence. Plaintiff testified to effect that she did not see defendant's car prior to collision, that plaintiff stopped at the traffic light before she proceeded between 3rd and 4th Avenues, that a car pulled out of the parking lot on plaintiff's right, that plaintiff started slowly at probably 35 miles an hour, that about 25 feet from plaintiff she saw the car pulling out in front of plaintiff, that plaintiff slowed to approximately 20 miles speed and let the car come out of the parking place, that the car went on, and that plaintiff was suddenly hit from the rear.

Plaintiff testified that, after the collision, defendant got out of her car and came up to where plaintiff was. Defendant testified that she did not get out of her car until the police got there. Both plaintiff and defendant testified that defendant's mouth was bleeding.

Plaintiff testified that defendant told the officer that plaintiff had stopped, but plaintiff testified that she had not stopped prior to collision. Defendant testified that plaintiff was stopped immediately prior to collision.

As noted above, plaintiff testified that a car was coming out of the parking lot in front of plaintiff, but defendant testified that she did not see a car coming out.

Plaintiff testified that before she slowed down she did not look and determine whether there was anybody in back of her, that she did not give any type of signal that she was going to slow down, that she did not turn on any blinker, and that she did not put on the brakes.

Plaintiff testified that, after the collision, defendant said that ". . . . she was in a hurry, and she looked back to see if the lane next to her was clear, and she was going around me. And so, when she looked back, she didn't have time to apply her brakes. . . . ." Defendant testified that she did not tell plaintiff that defendant was ". . . . trying to get around to the left . . . ." of plaintiff ". . . . to go on down the street."

Plaintiff contends that defendant's own testimony that she looked in her rearview mirror, and then to her rear, left defend-

ant's car almost unattended and shows that defendant was guilty of negligence. Defendant testified:

"A   I looked up in my mirror, and this car was real close on me.  And then I turned back like that (indicating), and my blinkers was on, and I just turned back real quick to see how close she was on to me.

"Q   And after you turned around to the right, then you turned your head back to the front?

"A   Yes, sir."

The court read to the jury § 15(a), Title 36, which provides in effect that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic on and condition of the highway.  The court also read § 17(d), Title 36, which provides that no person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal, etc.

The issues for the jury were whether defendant was guilty of negligence in driving too closely behind plaintiff and in looking to defendant's rear, and also whether plaintiff was negligent in stopping or suddenly decreasing the speed of her car. The jury and trial court saw the gestures of the witnesses and the demeanor.  We did not.  On careful reading of all the evidence, we are not clearly convinced that the verdict is contrary to the great weight of the evidence or that the verdict is wrong and unjust.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, MADDOX and McCALL, JJ., concur.