280 So.2d 776

**Lela P. GLEICHERT and Arthur A. Gleichert**

v.

**Patricia A. STEPHENS, a minor.**

**SC 214.**

Supreme Court of Alabama.

July 12, 1973.

John W. Cooper, Birmingham, for appellants.

Lyman H. Harris, Birmingham, for appellee.

JONES, Justice.

This is an appeal from the Circuit Court of Jefferson County wherein a verdict was rendered and judgment entered in favor of the defendant, Patricia A. Stephens. Plaintiffs'—Arthur Gleichert and Lela P. Gleichert—motion for a new trial was denied, and they bring this appeal.

The appellants brought suit for personal injuries following an automobile accident which occurred on a dark, rainy night at an intersection in Vestavia Hills, Alabama, in October of 1970. Arthur Gleichert was driving his wife Lela's Mercury when it was struck from behind by another vehicle being operated by the appellee. Both automobiles were proceeding through the intersection, one behind the other, when the collision occurred. The evidence was conflicting as to exactly what or who caused the accident. The explanation championed by the appellants was that the traffic light turned yellow as the appellee was entering the intersection, she speeded up to get through in time, suddenly found herself upon the slower moving vehicle of the appellants, and was unable to stop on the wet pavement before striking the rear of appellant's automobile. The explanation presented most favorable to the appellee was that she was moving through the intersection at a reasonable speed behind the appellants' car when it suddenly decreased its speed without warning and when she applied her brakes, her car skidded on the wet pavement striking the rear of the appellants' automobile.

Evidently, the jury chose to believe the second version or some variation thereof because they returned a verdict in favor of the defendant (appellee). This means that under the issues presented the jury found that the appellee was free of any negligence, or that the appellants were guilty of contributory negligence.

Appellants' assignment of error numbered one through six and eight through twelve charge in substance that the verdict below was contrary to the law and evidence presented and not supported by the preponderance of the evidence. They contend that the appellee as much as admitted her own negligence and failed to offer the slightest evidence of negligence on the part of the appellants.

At the outset it is to be remembered that in determining the sufficiency of the evidence to support the verdict rendered below, this Court must accept as true the evidence most favorable to the appellee, and must indulge such reasonable inferences therefrom as the jury was free to draw. Bagley v. Green, 277 Ala. 118, 167 So.2d 545; Cooper v. Watts, 280 Ala. 236, 191 So.2d 519.

■ Proof in a negligence action is rarely absolute. Necessarily, a jury cannot depend on the basic facts alone; inferences must be drawn therefrom. A jury is like an artist who has been given various colors of paint. As the artist must mix and blend the colors and give them order to form a picture, so must a jury work with the facts they have been given to reach a verdict. Consequently, when the proof in a negligence suit reveals such a state of facts, whether controverted or not, from which different inferences and conclusions may reasonable be drawn, then the question of liability must be left to the jury. Shores v. Terry, 285 Ala. 417, 232 So.2d 657; Patterson v. Seibenhener, 273 Ala. 204, 137 So.2d 758.

■ There is no question but that in this jurisdiction a jury verdict carries with it a presumption of correctness and when, as here, the trial court refuses to grant a motion for a new trial, that presumption is strengthened. Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97; T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706; Robbins v. Voigt, 280 Ala. 207, 191 So.2d 212.

■ Applying the above stated principles to the instant case, we are at the conclusion that appellants' above mentioned assignments of error, charging that the verdict is contrary to the evidence presented, are not well taken. Allowing those inferences most favorable to the appellee, we are convinced that the verdict rendered below was supported by the evidence and must stand.

■ Assignment of error number seven alleges error in the trial court's charging the jury with reference to emergency situations when no emergency was revealed by the evidence. The trial court orally instructed the jury that when a person is faced with a sudden and unexpected emergency the applicable standard of care is that of an ordinary prudent man acting under same or similar circumstances. We are of the opinion that when the driver of a motor vehicle suddenly finds himself rapidly approaching the rear of another vehicle which is obviously traveling at a much slower speed, that an emergency situation exists. The court below correctly pointed out to the jury the distinction when the emergency is created by the party seeking to use it to excuse his conduct. Since this was clearly pointed out, no error was committed in the giving of an oral charge on emergency situations.

Appellants' assignment of error number thirteen concerns the trial court's refusal to grant appellants a new trial. The only grounds for such motion that could be said to have been argued in appellants' brief are essentially the same as appellants' assignments of error discussed previously. Accordingly, this assignment of error is without merit.

■ Assignment of error number fourteen was not argued in brief and will be deemed waived. Kelley v. General Electric Company, 287 Ala. 514, 253 So.2d 23; Supreme Court Rule 9.

We have reviewed the allegations of error made by the appellants and find that same are unfounded. Accordingly, the verdict and judgment entered below is due to be and is hereby affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.