313 So.2d 162

Roger COLVIN

v.

Kelly FREEMAN, Jr.

SC 878.

Supreme Court of Alabama.

May 1, 1975.

Rehearing Denied June 12, 1975.

George S. Brown, Birmingham, for appellant.

Rives, Peterson, Pettus, Conway & Burge, and Edgar M. Elliott, III, Birmingham, for appellee.

ALMON, Justice.

Colvin brought suit against Freeman for personal injury. The cause was submitted to the jury on the issues of simple negligence and contributory negligence. The jury returned a verdict for Freeman.

All the assignments of error relate to the failure of the trial court to grant a motion for new trial. The argument in support of the assignments is that the verdict of the jury and the judgment entered thereon are contrary to the great weight and preponderance of the evidence.

The incident occurred on May 6, 1968, and involved a two-car collision within the city limits of Birmingham, Alabama. Colvin halted his car at a red light intersection; Freeman, driving in the same direction, struck Colvin's car in the rear. The testimony of Freeman and a passenger in his car was to the effect that the former, last observing the light to be green, diverted his attention from the road for one or two seconds and when his eyes returned to the road Colvin's car had suddenly stopped directly in front of him without giving a signal. He applied his brakes and struck the rear of Colvin's car at a speed of five to ten miles per hour. A police officer testified that the collision occurred some sixty feet from the intersection. Colvin testified that he stopped behind another car at the red light and was hit from the rear.

■ There is no need, in our judgment to set out the evidence in great detail. We have carefully reviewed the record and have concluded without difficulty that this case falls within the rules announced in Moore v. Downs, 287 Ala. 720, 255 So.2d 894 (1971), and Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776 (1973). Both of these cases involve rear-end collisions where the defendants prevailed and this Court affirmed.

■ In determining the sufficiency of the evidence to support a verdict rendered,

this Court must accept as true the evidence most favorable to the appellee, and must indulge such reasonable inferences therefrom as the jury was free to draw. Bagley v. Green, 277 Ala. 118, 167 So.2d 545 (1964); Cooper v. Watts, 280 Ala. 236, 191 So.2d 519 (1966).

Of particular significance is the conclusion reached by the court in *Moore,* supra, as follows:

"The issues for the jury were whether defendant was guilty of negligence in driving too closely behind plaintiff and in looking to defendant's rear, and also whether plaintiff was negligent in stopping or suddenly decreasing the speed of her car. The jury and trial court saw the gestures of the witnesses and the demeanor. We did not. On careful reading of all the evidence, we are not clearly convinced that the verdict is contrary to the great weight of the evidence or that the verdict is wrong and unjust."

Also there is an additional reason in this case to uphold the verdict; one which was not present in the above cited cases. The complaint in this cause sought recovery for personal injuries only and did not include a claim for property damage. It developed at trial that Colvin had received one and maybe two injuries near the time of the collision which formed the basis of this suit, and there was some question as to whether the injuries he complained of were caused by the collision in question or by another incident.

We thus conclude that the verdict rendered below was supported by the evidence and must stand.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.