This appeal is from a denial of plaintiff Cooper's motion for new trial on the ground that the jury verdict was against the great weight and preponderance of the evidence. We have carefully reviewed the record and do not agree with plaintiff that the verdict is without support. The judgment of the trial court is affirmed.
Plaintiff, in alternative counts, claimed that defendant Peturis had damaged his soybean crop while aerially spraying a herbicide, a chemical known commercially as Banvel, upon property which adjoined his land. The trial court granted defendant's motion for a directed verdict on plaintiff's wantonness count, and submitted the case to the jury upon plaintiff's negligence count. The jury returned a verdict in favor of defendant. The denial of plaintiff's motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial, is the basis of this appeal.
Plaintiff contends that the trial court erred in denying his motion for a new trial because of uncontradicted testimony that defendant was negligent while spraying the chemical Banvel. Even if the testimony were uncontradicted, liability is not thereby created as a matter of law. Guthrie v. McCauley, 376 So.2d 1373,1374 (Ala. 1979). If different inferences and conclusions may reasonably be drawn from the evidence, the question of liability must be left to the jury. Gleichert v. Stephens, 291 Ala. 347,349, 280 So.2d 776, 777 (1973). Furthermore, plaintiff's allegation of negligence was controverted by testimony that an unusual weather condition caused the Banvel to drift onto plaintiff's soybean crop and that defendant followed accepted aerial practice while spraying the chemical. This Court must review the tendencies of the evidence most favorable to the prevailing party and indulge such inferences as the jury was free to draw. Wiggins v. McLeod, *Page 1089 371 So.2d 660, 661 (Ala. 1979); Grandquest v. Williams, 273 Ala. 140,147, 135 So.2d 391, 396 (1961).
No ground of a motion for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. Trans-South-Rent-A-Car, Inc.v. Wein, 378 So.2d 725, 727 (Ala. 1979). Verdicts are presumed to be correct and that presumption is strengthened when a new trial is denied by the court. Gavin v. Hinrichs, 375 So.2d 1063, 1064
(Ala. 1979); Elba Wood Products, Inc. v. Brackin, 356 So.2d 119,123 (Ala. 1978). Nevertheless, when the preponderance of the evidence is against the verdict, so as to clearly convince the court that it is manifestly unjust, the verdict will be set aside. Walker v. Cardwell, 348 So.2d 1049, 1051 (Ala. 1977). The case at bar, however, does not present such overwhelming evidence. The denial of the new trial motion will be upheld by this Court.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.