416 So.2d 968 (1982)
Aubrey Steven COX
v.
B. C. HERRINGTON.
80-656.
Supreme Court of Alabama.
May 28, 1982.
Rehearing Denied July 9, 1982.
Robert E. Paden and Arthur Green, Jr. of Paden, Green & Paden, Bessemer, for appellant.
Jasper P. Juliano and W. J. McDaniel of McDaniel, Hall, Parsons, Conerly, Scott & Lusk, Birmingham and James B. Kierce, Jr., of Stone, Patton & Kierce, Bessemer, for appellee.
TORBERT, Chief Justice.
Appellant Aubrey Steven Cox filed a complaint against Appellee B. C. Herrington alleging negligent and wanton operation of an automobile on May 24, 1979, which resulted in injuries to Cox. Herrington's answer denied the allegations of Cox and affirmatively stated that Cox was guilty of contributory negligence.
After discovery was completed by the parties a trial was held before a jury, begining on March 16, 1981, and ending on March 17, 1981. At the conclusion of all of the evidence, Herrington's motion for directed verdict was granted as to the allegations of wantonness, and the negligence and contributory negligence issues were submitted to the jury. They returned a verdict in favor of Herrington. Cox filed a motion for new trial, which was denied by the trial court. Cox appeals, asking this court to reverse and grant him a new trial because the preponderance of the evidence presented at trial was so decidedly in favor of him that the jury verdict was wrong and unjust. We disagree with appellant and affirm.
In Alabama, the verdict of a jury is presumed correct and this presumption of correctness of the jury's verdict is strengthened once the trial court has entertained and denied a motion for a new trial. Cooper v. Peturis, 384 So.2d 1087 (Ala.1980); Guthrie v. McCauley, 376 So.2d 1373 (Ala. 1979); Mobile City Lines, Inc. v. Hardy, 264 Ala. 247, 86 So.2d 393 (1956).
In reviewing the correctness of a jury verdict, this Court must review the record in a light most favorable to the appellee. Cooper v. Peturis, 384 So.2d at 1088.
In Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738 (1890), this Court considered the general effect of reviewing jury verdicts and stated the following:
"The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which *969 sometimes occurs. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind, that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualification to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said, that no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence.Hilliard on New Trials, 339. The power should be exercised, only, when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury. If these be the principles by which the trial court should be governed, they apply with much more force to the exercise of the power by an appellate court. When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened...."
92 Ala. at 633, 9 So. at 739. Cox's theory of liability was Herrington's negligent failure to yield the right of way. Herrington's defense was that Cox was guilty of contributory negligence because he was speeding in order to get to class on time.
In this case, Cox testified that he left his home on the morning of May 24, 1979, at approximately 7:35 a. m. on his way to a class at Bessemer State Technical College. He was traveling east on New Powder Plant Road. As he approached the intersection of Interstate 59 and New Powder Plant Road, Cox saw Herrington's automobile approximately 44 feet from his car as Herrington was moving into the left turn lane in order to enter the ramp of Interstate 59. To Cox, Herrington's automobile appeared to be stopping so as to yield. Cox stated that he slowed down by backing off his accelerator. Herrington, however, continued with his left turn and Cox turned his steering wheel to the left and locked his brakes. Cox stated that his speed was 30 miles per hour, but acknowledged that he testified in his deposition that he was traveling between 30 and 35 miles per hour. According to the investigating officer, the speed limit on New Powder Plant Road was 30 miles per hour.
Herrington testified that around 8:00 a. m. on the morning of the accident, he went to Pike's Barber Shop for a haircut. While the barber shop normally opened at 8:00 a. m., the barber sometimes opened it a little before 8:00 a. m. for him because the barber knew him. After receiving a haircut, Herrington left the barber shop and headed to work. Herrington was heading west on New Powder Plant Road when he moved into the left turn lane for the purpose of turning left onto the entrance ramp of Interstate 59. Herrington stated he drove up to the intersection in the left turn lane, stopped, looked to the right and saw Cox coming over the hill, looked to the left, turned back and "wham." Herrington stated that he thought he had time to make it but did not. Herrington further stated that he first saw Cox two tenths of a mile from the intersection. Herrington believed he was traveling approximately 10 miles per hour.
"If different inferences and conclusions may reasonably be drawn from the evidence, the question of liability must be left to the jury." Cooper v. Peturis, 384 So.2d at 1088.
The jury heard all of the testimony and the court's charge and reached a verdict in favor of defendant Herrington. After reviewing the evidence in a light most favorable to the appellee, this Court does not believe that the verdict was wrong and unjust. The decision by the trial judge to deny Cox's request for a new trial is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, EMBRY and ADAMS, JJ., dissent.
*970 EMBRY, Justice (dissenting):
I fear the majority moves perilously close today to the rule that a jury's findings on factual matters can never be disturbed.
It is well-settled that "[t]he jury is not the sole judge of the sufficiency of the evidence to sustain the verdict." Farmers and Ginners Cotton Oil Co. v. Reliance Insurance Co., 341 So.2d 147 (Ala.1976). "[T]he power to review their conclusions in civil cases is vested in the trial court in the first instance, and in the Supreme Court on appeal." Massengale-Manaster Poultry Company v. Burnett, 284 Ala. 465, 225 So.2d 869 (1969).
A new trial should be granted where, after allowing all reasonable presumptions of correctness, the preponderance of the evidence is so decided as to clearly convince this court that the verdict is wrong and unjust. Birmingham Southern Railroad Company v. Ball, 271 Ala. 563, 126 So.2d 206 (1961).
In the instant case, Herrington testified that he stopped before turning and saw Cox's automobile approaching, but proceeded to turn because "I thought I had time to make it." The proof that Herrington turned left in front of Cox established a prima facie case of negligence and no evidence to the contrary was offered.
As to the question of contributory negligence on the part of Cox, Herrington testified that he had no judgment as to the speed of Cox's automobile. The investigating police officer gave no opinion as to the speed at which Cox's automobile was travelling, nor did any other witness testify that Cox was speeding.
Although Cox's testimony by pretrial deposition indicated he may have exceeded the posted speed limit by as much as five miles per hour, there was absolutely no evidence that this proximately caused or contributed to the collision. Tangentially, Herrington argues the jury could have inferred that Cox was exceeding that posted limit by a greater amount or was not carefully watching the road. That conclusion is not a reasonable inference from the evidence, but, rather is nothing more than mere speculation. Moreover, even assuming such a conclusion, there was no evidence that the manner of Cox's operation of his automobile contributed to the collision.
A verdict based on mere speculation and conjecture cannot stand. Perdue v. Gates, 403 So.2d 165 (Ala.1981); Howell v. Roueche, 263 Ala. 83, 81 So.2d 297 (1955). "It is well settled that only such negligence on a plaintiff's part as constitutes a proximate and contributory cause of his injury or damage bars his recovery." Insurance Company of North America v. Mays, 278 Ala. 20, 174 So.2d 700 (1965); see also Shepherd v. Gardner Wholesale, Inc., 288 Ala. 43, 256 So.2d 877 (1972).
As the majority acknowledges:
"`The power to set aside verdicts ... is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occurs....'"
Despite this acknowledgement, however, the majority chooses to disregard the mandate of the evidence for a new trial, resulting in a miscarriage of justice to the plaintiff herein.
FAULKNER and ADAMS, JJ., concur.