Carol Ann Merrell appeals from a trial court's order denying her motion for a new trial in a negligence/wantonness action based on the alleged vicarious liability of Joe Bullard Oldsmobile, Inc. (the dealership). We affirm.
On June 23, 1985, Merrell sustained injuries in a boating accident involving a boat driven by Anthony DeMarco, who, at the time of the accident, was an employee of the dealership. Merrell brought an action against the dealership, Joe Bullard, Jr., its president, Joe Dan Dunnam, a principal stockholder, and Anthony DeMarco,[1] to recover damages, alleging that Demarco's negligent and/or wanton operation of his boat at the time of the accident proximately *Page 945 
caused her injuries. Merrell further alleged that DeMarco was acting within the line and scope of his authority as the agent, servant, or employee of the dealership, Dunnam, and Bullard. These defendants filed a joint answer in which they denied any vicarious liability for DeMarco's alleged negligence and/or wantonness. After depositions had been taken, the defendants filed a motion for summary judgment. Finding an absence of agency, the trial court granted summary judgment as to Dunnam. The dealership and Bullard remained defendants, and the case proceeded to trial. At the conclusion of the evidence, the trial court directed a verdict in favor of Bullard on the ground that the evidence was insufficient to show that DeMarco was acting as his agent at the time of the accident. The trial court submitted the issue of the dealership's liability to the jury, which returned a verdict in the dealership's favor. Merrell moved for a new trial, arguing that the verdict was contrary to the weight and preponderance of the evidence and that the trial court erred in refusing Merrell's requested written jury charges pertaining to certain principles of agency. The trial court denied the motion, and Merrell appeals. Merrell does not appeal from the judgments for Bullard and Dunnam.
This appeal presents the following issues for our review: 1) whether the trial court should have granted Merrell's motion for new trial on the ground that the verdict was against the great weight and preponderance of the evidence and 2) whether the trial court should have granted Merrell's motion on the ground that it had erred in refusing Merrell's requested written jury charges 9, 10, and 11.
 I.
Should the trial court have granted Merrell's motion for a new trial on the ground that the jury's verdict was against the great weight and preponderance of the evidence?
In order to find the dealership vicariously liable for Merrell's injuries, the jury would have been required to reach two conclusions based on the evidence presented at trial: 1) that an agency relationship existed between DeMarco and the dealership at the time of the accident and 2) that DeMarco's negligence and/or wantonness proximately caused Merrell's injuries. Because the jury could have based its verdict on the agency issue alone, and because the record and the briefs reflect the party's emphasis at trial on this issue, we pretermit discussion of the negligence issue.
A principal is liable for the torts of his agent if the agent commits the tort while acting within the scope of his employment. The existence of an agency relationship depends on whether the principal has a right of control over the agent.Cordes v. Wooten, 476 So.2d 89 (Ala. 1985); Hatton v.Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1981); Brown v.Commercial Dispatch Pub. Co., 504 So.2d 245 (Ala. 1987). Generally, a dispute over the existence of an agency relationship involves a question of fact for the jury. Cordes, supra, at 91; Hatton, supra, at 953. In the case sub judice, because conflicting reasonable inferences could have been drawn from the evidence presented at trial with respect to whether DeMarco was an agent of the dealership acting within the line and scope of his authority at the time of the accident, the trial court properly submitted the agency issue to the jury. See Cordes, supra, at 91.
After a careful review of the evidence, we also conclude that the jury's verdict in favor of the dealership was not contrary to the great weight and preponderance of the evidence. The dealership is in the business of selling and servicing new and used automobiles. In May 1985, the dealership hired DeMarco to sell automobiles on a commission basis. On June 23, 1985, DeMarco attended an annual dealership party at Bullard's beach house at Ono Island, Alabama, which Bullard gave for the dealership's employees and their spouses or dates. Bullard invited all his employees but did not order or require them to attend. According to Bullard, the party was strictly social. The record does not show that DeMarco was working as a car *Page 946 
salesman for the dealership on June 23, a Sunday. Furthermore, the record does not show that customers or clients of the dealership were present at the party.
At some point before the party, DeMarco obtained permission to bring his boat to the party from Harry Brooks, the dealership's sales manager. At the party, Demarco took guests for pleasure rides in his 24 Formula, a speed boat, around the bay. Bullard testified that the dealership did not request DeMarco to bring his own boat and did not invite him to provide entertainment for the guests. Merrell testified, however, that DeMarco's boat was a primary source of entertainment at the party. Bullard further testified that he never asked DeMarco to take guests for rides on his boat, that he never gave any orders or directions to DeMarco with regard to the operation of his boat, and that he never attempted to control DeMarco's actions on the day of the party. Although Bullard acknowledged at trial that the dealership had a policy of reimbursing its employees for fuel costs when an employee brought his own boat to the annual dealership party, the record does not indicate whether DeMarco was reimbursed for the cost of the fuel he used at the dealership party on June 23.
Merrell came to the dealership's party with her former husband, Walter Merrell, who was an employee of the dealership. During the afternoon of June 23, DeMarco took Merrell and five other passengers on a boat ride. When DeMarco's boat crossed the wake of another boat at 50 miles an hour, the boat temporarily jolted out of the water, causing all the passengers to be ejected from their seats and to fall in the water. Merrell hit the windshield prior to falling overboard and, as a result, sustained injuries. After a jury verdict for the dealership, Merrell filed a motion for a new trial, which was denied.
In Deal v. Johnson, 362 So.2d 214 (Ala. 1978), we delineated the standard of review for cases involving a denial of a motion for new trial. The Deal court stated:
 "This court has stated many times that verdicts are presumed to be correct and that no ground in a motion for a new trial is more carefully scrutinized and more rigidly limited than that the verdict is contrary to the weight or preponderance of the evidence. S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977).
 "When there is evidence presented which, if believed, supports the verdict, a motion for a new trial on the ground that the verdict is against the weight or preponderance of the evidence may be properly denied. Edmondson v. Blakey, 341 So.2d 481
(Ala. 1976).
 "The presumption in favor of the correctness of the verdict is strengthened by the denial of a motion for a new trial. Edmondson v. Blakey, supra. Moreover, the denial of a motion for a new trial will not be reversed by this court unless, after allowing all reasonable presumptions as to the verdict's correctness, the preponderance of the evidence is so against it that this court is clearly convinced that it is wrong and unjust. Edmondson v. Blakey, supra."
362 So.2d at 217-18.
We are not clearly convinced that the preponderance of the evidence is so against the jury verdict that it is wrong and unjust. The record supports a finding that DeMarco, was not an agent of the dealership acting within the scope of his authority at the time of the accident.
 II.
Did the trial court's refusal of Merrell's requested written jury charges 9, 10, and 11 constitute reversible error?
Merrell properly objected to the trial court's refusal of these instructions, which read, respectively, as follows:
 "The Court charges the jury that, as I have previously charged you, an agent must be subject to the control of his principal. The Court further charges the jury that this control does not necessarily mean that the principal must have actually used control over the agent, but rather it means that the principal must have either used or reserved the right of control over the agent.
 "The Court charges the jury that the relationship of principal and agent can be *Page 947 
implied from the relationship of the parties, including such factors as the benefit derived by the principal from the activity of the agent.
 "The Court charges the jury that if Anthony DeMarco derived or received any personal pleasure out of using his boat at the picnic in this case, that fact would not prevent you from finding that the principal and agent relationship existed between Anthony DeMarco and Joe Bullard Oldsmobile, Inc., or Joe Bullard, Jr."
The trial court's instructions to the jury on the law of agency, which tracks almost verbatim the language contained inAlabama Pattern Jury Instructions: Civil §§ 3.00 to 3.06 (1974), were as follows:
 "An agent is a person who, by agreement with another called the principal, acts for the principal and is subject to his control. The agreement may be oral or written or implied from the conduct of the parties and may be with or without compensation.
 "When an agent is engaged to perform a certain service, whatever he does to that end or in furtherance of the employment is deemed to be an act done within the scope of the employment.
 "Express authority is actual authority conferred by the principal upon an agent and can only be given by written or spoken words or by other conduct by the principal which, reasonably interpreted, causes the agent to believe that the principal wishes him to act on his behalf.
 "There's also what we call implied authority. Implied authority of an agent is authority to do whatever acts or use whatever means are reasonably necessary and proper to the accomplishment of the purposes for which the agency was created, so that in the conduct of his principal's business, an agent has implied authority to do that which the nature of the business would demand in its due and regular course.
 "And we also have what is called apparent authority. Apparent authority for which a principal is responsible to a third party for the act of the agent is that authority which arises when the principal, by his acts, words or conduct, reasonably interpreted, causes such third party to believe that authority had been given to an agent to act in the behalf of the principal. And such authority cannot be established solely by acts of the agent.
 "When a principal or master is sought to be held liable for actions of an agent, servant or employee, there can be no recovery against the principal unless such agent would have been liable if joined in the action and then only to the extent of the liability of such agent.
 "A principal is liable to others for the negligent acts or omissions of his agent done within the scope of his employment and within the line of his duties."
During the course of its deliberations, the jury submitted the following request to the trial court: "Need the law about agent again." At this point, counsel representing Merrell once again objected to the trial court's denial of her requested jury charges relative to agency law. The trial court recognized the renewed exceptions and then responded to the jury's request for a recharge on the law of agency by stating:
 "Ladies and gentlemen, the reason there are 12 jurors is so hopefully your collective memory will supply you with sufficient information from which to form a verdict. Rather than charge you all over again as to what I originally charged you on the issue of agency, I'm going to ask that you work a little longer and consider and see if you can satisfy yourselves as to what that charge was."
The jury continued its deliberations and reached a verdict without repeating its request for a recharge on agency law.
Merrell contends that the trial court's refusal to charge the jury on the principles of agency contained in her requested jury instructions 9, 10, and 11 constituted reversible error. Merrell points to the jury's request for reinstruction on the law of agency as evidence of the inadequacy *Page 948 
of the trial court's oral charge.[2] We disagree.
"Where the trial court's oral charge is a full, complete, and accurate statement of the applicable law, the trial judge's refusal of a requested, written instruction, although a correct statement of the law, serves as no legal basis for the granting of a new trial." Bradford v. Kimbrough, 485 So.2d 1114
(Ala. 1986). See, Rule 51, Ala.R.Civ.P. After a careful review of the law of agency, we conclude that the trial court's oral charge was a full, complete, and accurate statement of the applicable law and, therefore, we find no error in its refusal of Merrell's requested charges 9, 10, and 11.
For the foregoing reasons, the trial court's order denying Merrell's motion for a new trial is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] In August 1985, the dealership discharged DeMarco; since that time, his whereabouts have remained unknown. Consequently, DeMarco never received service of process, and, in turn, never appeared in this action.
[2] Having failed to assign as error the trial court's failure to recharge the jury on the law of agency, Merrell effectively waived this issue for purposes of appeal. We note, however, that while deciding whether to grant a jury's request for additional instructions or reinstruction lies within the discretion of the trial court, Moon v. Nolen, 318 So.2d 690
(Ala. 1975), the better practice would be for the trial court to accede to such a request. Ole South Bldg. Supply Corp. v.Pilgrim, 425 So.2d 1086 (Ala. 1983); Nichols v. SeaboardCoastline R.R., 341 So.2d 671 (Ala. 1972) (Bloodworth J., concurring specially).