STEAGALL, Justice.
Defendants, Hoyt Clark and Wallace Coile, appeal from a judgment based on a jury verdict in favor of the plaintiffs, John Michael Cowart and David F. Byers, in an action based upon alleged false representations made by the defendants to the plain *914 tiffs concerning the parties’ involvement in a business deal to purchase and operate the Birmingham Airport Motel.
This action was originally filed on December 16, 1982, in the Circuit Court of Jefferson County. In addition to containing the fraud count, the complaint sought an injunction to prevent Clark and Coile from removing Cowart from his management position at the Birmingham Airport Motel; it also contained a count asking that the defendants Clark and Coile be required to specifically perform an agreement between them and the plaintiffs. The circuit court severed the fraud count and proceeded with Cowart and Byers’s equitable claims, initially granting a temporary restraining order to prevent Cowart’s removal as manager of the motel and then proceeding, without a jury, to hear Cowart and Byers’s specific performance count.
The decision on the equitable claims was entered on February 2, 1983, and subsequently appealed to this Court. This Court affirmed the trial court’s decision, which denied specific performance of the September 27, 1982, agreement but which restructured the corporation created to purchase and operate the motel. The restructuring was achieved by reissuing shares equivalent to the investment made by each contributor. Our opinion in that case, Clark v. Cowart, 445 So.2d 884 (Ala.1984), correctly relates the facts that surrounded not only the signing of the September agreement but the entirety of the dealings that transpired between Cowart and Byers and Clark and Coile as related to the purchase and management of the motel. We therefore adopt the statement of the facts expressed in Clark v. Cowart, supra, at 885-87. From a judgment based on a jury verdict returned in favor of Byers for $175,000 and in favor of Cowart for $325,-000, and from the denial of their motion for judgment notwithstanding the verdict, or, in the alternative, a new trial, or, in the alternative, for a remittitur, Clark and Coile appeal.
On appeal, Clark and Coile present five grounds for error:
1. That the trial court erred in ordering a jury trial when there was no valid written jury demand by any party;
2. That the trial court erred in denying defendants’ motion for new trial based on highly prejudicial and improper remarks made by plaintiffs’ counsel in closing argument (plaintiffs’ counsel referred to defendants Clark and Coile as “crooks”);
3. That the trial court erred in granting plaintiffs’ motion in limine in regard to defendants’ affirmative defense of settlement;
4. That the trial court erred in overruling defendants’ motion for judgment notwithstanding the verdict or, in the alternative, a new trial, or, in the alternative, for a remittitur; and
5. That the trial court erred by its submission to the jury of issues of fact that had been settled by an adjudication on the merits in a court of equity and affirmed by the Alabama Supreme Court.
The first issue raised by Clark and Coile, that it was error for the trial court to grant a jury trial when there was no written demand made or submitted to the court below, is untimely. No objection was made by Clark or Coile either before, during, or after the jury trial was held on the merits of the case. Error was first alleged by Clark and Coile on appeal to this Court; the claimed error was, therefore, raised too late. See, generally, Haaker v. Lawson, 497 So.2d 99 (Ala.1986).
Likewise, counsel for defendants Clark and Coile failed to timely object to the remarks made by plaintiffs’ counsel during closing argument. This Court in Hill v. Sherwood, 488 So.2d 1357 (Ala.1986), stated:
“ ‘Without due objection by counsel or a motion to exclude and a ruling by the trial court, improper argument of counsel is not ground for new trial nor the subject of review on appeal. An exception is where it can be shown that counsel’s remarks were so grossly improper and highly prejudicial as to be beyond cor *915 rective action by the trial court. The remarks in this case do not fall within that category of statements so grossly improper or highly prejudicial as to place it within the exception to the general rule. Since there was no timely objection by counsel, there is no error for this court to review. Johnson v. State, 272 Ala. 633, 133 So.2d 53 (1961); Anderson v. State, 209 Ala. 36, 95 So. 171 (1922); Prescott v. Martin, Ala., 331 So.2d 240 (1976).’ (Emphasis added in Hill.)
[[Image here]]
“It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error. Hill v. Cherry, 379 So.2d 590 (Ala.1980). In Calvert & Marsh Coal Company v. Pass, 393 So.2d 955 (Ala.1980), the Court stated:
“ ‘Both parties have cited numerous cases in support of their view of the prejudicial effect of the remark. However, as noted by defendant, each case would have to be decided on its own merits and much would depend upon the issues, parties and the general atmosphere of a particular case. Lawrence v. Alabama Power Co., 385 So. 2d 986 (Ala.1980). Viewed in the context argued, this one isolated remark does not fall within that category of remarks sufficiently prejudicial to place it within the exception to the general rule.
“ ‘We have recognized that, since the trial court is present at the time when the argument is made, the trial court has great latitude in ruling on the propriety of counsel’s arguments. Prescott v. Martin, 331 So.2d 240 (Ala.1976). In particular, in passing on the question of ineradicable bias much should be left to the enlightened judgment of the trial court, with the usual presumptions in favor of the ruling made to that end. Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402 (1949); Pacific Mutual Life Insurance Co. v. Green, 232 Ala. 50, 166 So. 696 (1936)....’
“See also Daniel Construction Company v. Pierce, 270 Ala. 522, 120 So.2d 381 (1960), and State Farm Mutual Automobile Insurance Company v. Boyer, 357 So.2d 958 (Ala.1978).”
Hill v. Sherwood, supra, at 1359. The statements made by plaintiffs’ counsel have not been shown to be so grossly improper and highly prejudicial as to fall within the exception to the general rule as stated in Hill v. Sherwood, supra.
Appellants’ third contention of error is not well founded.
“The Alabama law regarding the admissibility of settlement communications between parties is well established. The general rule is that offers of compromise by one party to another in a civil action, whether before or after the litigation is begun, is inadmissible.”
Super Valu Stores, Inc. v. Peterson, 506 So.2d 317, 321 (Ala.1987).
The trial court correctly ruled that any offers of compromise would be inadmissible. Super Valu Stores, Inc. v. Peterson, supra. We quote from the record below:
“MR. BRIGHT: All right. Are you going to rule on his motion to limit?
“THE COURT: I will grant his motion in limine as far as offers of compromise are concerned. Now, that’s what I’m basically looking at at this point. Yes, I will, as to offers of compromise in this case.
“Now, as far as admissions, I haven’t heard any testimony or anything about admissions that were made in this matter, only offers of compromise. Okay.
“MR. BRIGHT: I need a clarification. Are you going to let me call his witness and ask them what they said other than if it was in compromise?
' “THE COURT: Well, if there’s something other than in compromise, yes, I would have to let you do that.”
The appellants next contend that the trial court’s denial of their motion for a directed verdict and their motion for judgment not *916 withstanding the verdict or, in the alternative, a new trial, or, in the alternative, a remittitur, was reversible error.
This Court, in Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala.1981), stated the standard for appellate review of motions for directed verdict:
“A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Deal v. Johnson, 362 So.2d 214 (Ala.1978). In considering a motion for directed verdict, the court must apply Rule 50(e), A.R.Civ.P., under which ‘a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes [so much as] a mere gleam, glimmer, spark, ... or a scintilla in support of the theory of the complaint_’ Dixie Electric Company v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975).
“In addition, the trial court must view the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the non-moving party. Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Vintage Enterprises, Inc. v. Cash, 348 So.2d 476 (Ala.1977). Also, this Court’s function in reviewing a motion for a directed verdict is to review the tendencies most favorable to the non-movant, regardless of a view we may have as to the weight of the evidence, and we must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Beloit Corp. v. Harrell, 339 So.2d 992 (Ala.1976).”
See also Surrency v. Harbison, 489 So.2d 1097 (Ala.1986); Pate v. Sunset Funeral Home, 465 So.2d 347 (Ala.1984); and Ritch v. Waldrop, 428 So.2d 1 (Ala.1982).
Like the standard of review regarding motions for directed verdict, the standard for reviewing a ruling on a motion for JNOV is a well-settled one; the standards are identical. This Court, in Casey v. Jones, 410 So.2d 5, 7 (Ala.1981), stated:
“We premise our analysis of the issues on certain familiar, and generally well understood, rules of judicial and appellate review. The standard of judicial review for testing a motion for directed verdict is identical to that for testing a motion for J.N.O.V. Evidence sufficient to take the case to a jury as against a motion for directed verdict is likewise sufficient to withstand a motion for J.N. O.V.”
Additionally, in Arata v. Gustin, 410 So.2d 102, 104 (Ala.Civ.App.1982), it was stated, regarding a motion for new trial, that “[t]he granting or denial of a motion for new trial is presumed correct and will not be reversed on appeal except for plain and palpable abuse of discretion. Holcombe v. Blackwell, 382 So.2d 566 (Ala.Civ.App.1980).”
The Court, in Pate v. Sunset Funeral Home, supra, stated:
“A jury’s verdict [where it is supported by the evidence] is presumed correct and will not be disturbed unless plainly erroneous or manifestly unjust. The presumption of correctness is further strengthened when a motion for new trial is denied by the trial judge. Smith v. Blankenship, 440 So.2d 1063 (Ala.1983); Cox v. Herrington, 416 So.2d 968 (Ala.1982); Williamson v. United Farm Agency, Inc., 401 So.2d 759 (Ala.1981).
“In reviewing ... a jury verdict, this Court must review the record in a light must favorable to the appellee. Cox v. Herrington, supra; Cooper v. Peturis, 384 So.2d 1087 (Ala.1980).”
465 So.2d at 350.
Reviewing the evidence in a light most favorable to the plaintiffs, we find no error in the denial of the defendants’ motions, and we conclude that the verdict and the judgment thereon were supported by the evidence and were not plainly erroneous or manifestly unjust.
Finally, appellants Clark and Coile contend that it was error for the jury to determine issues of fact that had been settled by a former adjudication on the merits and affirmed by this Court on appeal.
*917 “Where an ‘issue has been settled by an adjudication on the merits, in a court of equity, the same issue, whether of law or fact, cannot be again relitigated in a court of law; and e converso, where it has been tried at law, it cannot be tried again in a court of equity; provided the court, in each case, [has] jurisdiction of the subject-matter and of the parties litigant.’ Strang v. Moog, 72 Ala. 460; Tankersly v. Pettis, 71 Ala. 179; Peet & Co. v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am.St.Rep. 45.”
Corinth Bank & Trust Co. v. Lawler, 218 Ala. 88, 84, 117 So. 620 (1928).
The question, then, before this Court is whether the same issues were before both courts below. If so, then res judicata would prevent submission of that issue to the jury for its determination and would require this Court to reverse the judgment in this case.
“The essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978). If these essential elements are met, any issue that was or could have been adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977).”
Hughes v. Allenstein, 514 So.2d 858, 861 (Ala.1987). (Emphasis original.)
Here, there was no prior judgment on the merits, nor was the same cause of action presented in both suits. We have previously written regarding fraud:
“The essential elements of a fraud claim, as required under the provisions of § 6-5-101, Code of 1975, are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) acted upon by the opposite party; and (4) reliance by the complaining party which was justifiable under the circumstances.”
Bowman v. McElrath Poultry Co., 468 So.2d 879, 880 (Ala.1985).
Appellants argue that because the equity court held that there was no meeting of the minds between the parties as to the agreement signed on September 27, 1982, that, as a matter of law, the plaintiffs were precluded from proving all the necessary elements for a suit in fraud — specifically, that it was impossible for plaintiffs to show present intent to deceive or to show justifiable reliance on any representations made. We cannot agree. We hold, under this particular set of facts and in this particular situation, that no prior judgment was made on the merits of the plaintiffs’ fraud claim and that the same cause of action was not presented for determination. We, therefore, affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.