The jury returned a verdict for the defendants, Joseph L. Young and Long-Lewis Ford, Inc., in this action for personal injuries filed by Theron Stokes. The court entered a judgment based on that verdict. Stokes appeals and presents the issue whether the trial court erred in denying his motion for a new trial sought on the ground that the verdict is against the weight or preponderance of the evidence. We affirm.
 " 'This court has stated many times that verdicts are presumed to be correct and that no ground in a motion for a new trial is more carefully scrutinized and more rigidly limited than that the verdict is contrary to the weight or preponderance of the evidence. S.S. Kresge Co. v. Ruby, 348 So.2d 484 (Ala. 1977).
 " 'When there is evidence presented which, if believed, supports the verdict, a motion for a new trial on the ground that the verdict is against the weight or preponderance of the evidence may be properly denied. Edmondson v. Blakey, 341 So.2d 481
(Ala. 1976).' "
Merrell v. Joe Bullard Oldsmobile, Inc., 529 So.2d 943, 946
(Ala. 1988), quoting Deal v. Johnson, 362 So.2d 214, 217-18
(Ala. 1978).
If a trial court denied a motion for a new trial sought on the ground that the verdict is against the weight or preponderance of the evidence when there was evidence presented that, if believed, would support the verdict, then the trial court's action in denying the motion would not be a clear abuse of some legal right and the record would not plainly and palpably show that the trial court was in error. The trial court could properly deny such a motion, and we would not disturb the trial court's order. Hill v. Sherwood,488 So.2d 1357 (Ala. 1986); American Furniture Galleries, Inc. v. McWane,Inc., 477 So.2d 369 (Ala. 1985).
In fact, in such a situation the presumption in favor of the correctness of the jury verdict is strengthened by the denial of a motion for a new trial, and we will not reverse unless, after allowing all reasonable presumptions as to the verdict's correctness, the preponderance of the evidence is so against it that we are clearly convinced that the verdict is wrong and unjust. Merrell v. Joe Bullard Oldsmobile, Inc.,529 So.2d at 946.
In allowing all reasonable presumptions as to the verdict's correctness, we must view the direct evidence and all inferences that the jury could reasonably draw therefrom in the light most favorable to Young and Long-Lewis.
Stokes and Young were both driving in the outside or right lane of a four-lane divided highway at night. Stokes, who was driving an automobile leased by his employer, was ahead of Young, who was driving a tractor-truck pulling an empty 45-foot low-boy trailer owned by Long-Lewis. The tractor-trailer had no defects. Neither Stokes nor Young was exceeding the posted speed or a reasonable speed. There was a sharp, right curve immediately prior to the point of impact. Both vehicles slowed and negotiated the curve. After this, Young was 100 feet behind Stokes and was not gaining on him or trying to pass him. There was no vehicle ahead of Stokes. A grain hauler was passing Stokes in the left, or inside, lane, when Stokes suddenly hit his brakes. As soon as Young saw Stokes's brake lights, he applied his brakes. Young slowed his vehicle, but it did not stop until it had bumped Stokes's vehicle. If there had been "five or ten more" feet between the vehicles, Young could have stopped without bumping the vehicle *Page 53 
Stokes was driving. Young could not pull into the left lane because the trailer of the grain hauler was blocking that lane. There was very little damage to the vehicle Stokes was driving and no damage to the vehicle Young was driving.
In a case with strikingly similar facts, this Court held that it was a factual issue for the jury to resolve whether the defendant drove too closely behind and was thereby negligent or was inattentive and thereby negligent and whether the plaintiff was guilty of contributory negligence in stopping or suddenly decreasing the speed of her car. Moore v. Downs, 287 Ala. 720,255 So.2d 894 (1971). See also Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776 (1973), and Colvin v. Freeman, 294 Ala. 118,313 So.2d 162 (1975), other cases that we rely on to affirm.
Glanton v. Huff, 404 So.2d 11 (Ala. 1981), which is relied on by Stokes, is distinguishable. In that case, the plaintiff's automobile was stopped at an intersection where the plaintiff was waiting for a red light to change when she was struck from behind by the defendant's automobile. The judgment in that case was reversed by a divided Court, because of the duty imposed on a motorist approaching an intersection "to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver is obeying traffic signals by waiting for the red light to change." 404 So.2d at 13 (quoting other sources). That duty is not applicable in this case, which is factually similar to Moore v. Downs, supra; Gleichert v.Stephens, supra; and Colvin v. Freeman, supra.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.