RUSSELL, Judge.
This is an appeal from a judgment denying a motion to set aside a judgment and for a new trial on the ground that the jury verdict was inadequate.
The appellant, Terri Robinson, brought an action for injuries sustained in an automobile collision with appellee David A. England’s automobile. The jury returned a verdict for Robinson on the negligence count and set damages at $300 for damage to her car. Robinson filed a motion to set aside the judgment and for a new trial, which was denied by the trial court. Robinson appeals. We affirm.
The issues are whether the jury verdict was inadequate and whether the trial court’s denial of the motion for new trial was erroneous.
At the outset we note the following:
“Jury verdicts are presumed to be correct in Alabama. This presumption of correctness is further strengthened by the trial court’s denial of a motion for new trial. The appellate court ‘must review the tendencies of the evidence most favorable to the prevailing party and indulge such inferences as the jury was free to draw.’ Cooper v. Peturis, 384 So.2d 1087, 1088 (Ala.1980). Therefore, a judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong.”
Ashbee v. Brock, 510 So.2d 214, 215 (Ala.1987) (citations omitted).
On a motion for new trial based on inadequacy of damages, the questions to be considered are “whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and does the verdict fail to give substantial damages for substantial injuries.” O’Daniels v. Bates, 456 So.2d 807, 808 (Ala.Civ.App.1984).
The appellant, Robinson, had stopped at her apartment complex and was waiting for cars to pass so that she could turn left, when England drove into the rear of her ear. She was returning from her customary two to three hour body-building workout. Robinson was an amateur, competing body-builder, as well as a cocktail waitress. Later that day, as well as for a continuing period of time, she sought medical help for back pain. Since the accident, the back pain has made it difficult for her to work as a waitress and to work out in the gym.
Robinson claimed that she had $2,000 in lost wages and $4,815 in medical costs. She testified that there was virtually no damage to her car, which damage was estimated at $271.
Medical records showed that Robinson had been treated for an acute lumbar strain some five months prior to the accident, and she admitted that she had pulled practically every muscle in her body to some degree while body-building. England testified that Robinson had told him after the accident that she had just gotten back into body-building because she had had some previous back problems.
The doctor who treated Robinson after the accident testified that Robinson had suffered severe back pain and limitations after the accident, based on what she had told him, but admitted that he did not know of a previous back problem and also that such a back injury could have been caused by weight lifting.
We find that the jury could have concluded from the evidence that the back injury and resulting damages were not the proximate result of the automobile collision and that the damage to the car was a result of the collision. This is a case where the presumption favoring jury verdicts, further strengthened by the trial court’s denial of a motion for new trial, and a verdict that is not opposed to the clear and convincing weight of the evidence compel an affirmance of the trial court. Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.