. SHORES, Justice.
On January 10, 1991, Earl Rutherford sued Waste Away Group, in Limestone County, Alabama. Rutherford sought to recover damages for fraud, based on misrepresentations made by Waste Away that he was an employee. The case was tried before a jury, which returned a verdict in favor of Rutherford in the amount of $1,008 compensatory damages and $15,000 punitive damages. Waste Away appeals from the judgment entered on this jury verdict.
We have carefully studied the record in this case, and conclude that the plaintiff presented substantial evidence to support the jury verdict. There is substantial evidence that an agent of Waste Away represented to the plaintiff that he had a job as a garbage man; that he was given a time card; that he was given gloves; that his measurements were requested for uniforms; that, upon discovering that the plaintiff did not have the job, the agent did not inform him, but continued to let him work; that on the basis of the misrepresentation, the plaintiff quit the job that he had and worked an eight-hour shift for the defendant; and that he was never paid.
The judgment is due to be affirmed on the authority of § 6-5-100 et seq., Code of Alabama 1975; Utah Foam Products, Inc. *397 v. Polytec, Inc., 584 So.2d 1345, 1351 (Ala. 1991); E & S Facilities, Inc. v. Precision Chipper Corp., 565 So.2d 54, 59 (Ala.1990); Pacific Mutual Life Insurance Co. v. Haslip, 553 So.2d 537 (Ala.1989), aff'd. — U.S. -, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 305 (Ala.1986); Williams v. Hughes Moving & Storage Co., 578 So.2d 1281, 1283 (Ala.1991); Stokes v. Long-Lewis Ford, Inc., 549 So.2d 51, 52 (Ala.1989); Merrell v. Joe Bullard Oldsmobile, Inc., 529 So.2d 943, 946 (Ala.1988); Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97, 103 (1970); T.R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706, 716 (1966); Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776, 777 (1973).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.